DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TRANQUILINA LEGUIZAMON-DIAZ,

        Petitioner,

  -vs-                                                         05-CV-727

UNITED STATES OF AMERICA,

        Respondent.
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## DECISION & ORDER

### I. Introduction

Petitioner Tranquilina Leguizamon-Diaz moves pursuant to 28 U.S.C. § 2255 to have her sentence and conviction vacated. Petitioner claims that she was denied the effective assistance of counsel in violation of her rights under the Sixth Amendment to the United States Constitution.

### II. Background

Petitioner was indicted and convicted of conspiracy to bribe a public official and bribery under 18 U.S.C. §§ 201 and 371. On January 31, 2002, Petitioner was sentenced to ten months imprisonment and three years of supervised release. After completion of her term of imprisonment and while her appeal was pending, Petitioner was deported to Paraguay. On April 1, 2004, the Second Circuit issued a Summary Order (hereinafter "Order")[1] affirming the conviction. However,

---

[1] United States v. Guevara, Summary Order No. 02-1104 (2d Cir. Apr. 1, 2004).

the Second Circuit noted that this Court's conscious avoidance instructions were problematic in one respect. Order at 6. The Circuit stated that the instructions lowered the threshold for what the government needed to show and, given the closeness of the evidence in the case, the Circuit could not say that the error was harmless. Order at 7. The Circuit further noted that Petitioner's counsel at trial not only did not object to this erroneous aspect of the instructions, but also might have contributed to the problematic language.[2] Id. Nevertheless, the Second Circuit affirmed the judgment of conviction because appellate counsel did not raise this issue and, therefore, the court was unable to correct this error on appeal. Id.

### III. Discussion

#### A. Section 2255 Standard

"Section 2255 allows a prisoner in federal custody to petition the sentencing court to vacate, set aside, or correct [her] sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States." Garcia v. United States, 2002 WL 42888, *1 (S.D.N.Y. Jan. 11, 2002). A § 2255 motion must allege that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. "[A] collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation and citation omitted).

---

[2] See Trial Trans. at 290.

**1. "In Custody" Requirement**

As a threshold matter, for this Court to have jurisdiction to hear Petitioner's claim, she must be "in custody" within the meaning of section 2255. The United States Supreme Court has held that this requirement is not limited to only those who are in physical custody. Hensley v. Municipal Court, 411 U.S. 345, 349-50 (1973) ("[H]abeas corpus is not a static, narrow, formalistic remedy, but one which must retain the ability to cut through barriers of form and procedural mazes.") (internal citations and quotation marks omitted). The Court has "consistently rejected interpretations of the habeas corpus statute that would suffocate the writ in stifling formalisms or hobble its effectiveness with the manacles of arcane and scholastic procedural requirements." Id. at 350. "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." Id. at 351. The Court, citing its decision in Jones v. Cunningham, 371 U.S. 236 (1963), held that the prisoner in Hensley could obtain habeas corpus review because "he is subject to restraints 'not shared by the public generally,'" he could not come and go as he pleased, and his freedom of movement rested in the hands of government officers. Hensley, 411 U.S. at 351 (quoting Jones, 371 U.S. at 240). The Second Circuit has held that probation constitutes custody for habeas purposes. See Poodry v. Tonowanda Band of Seneca Indians, 85 F.3d 874, 894 (2d Cir. 1996) (citing United States ex rel. B. v. Shelley, 430 F.2d 215, 217-18 n. 3 (2d Cir. 1970)).

Following her release from prison, Petitioner was deported to Paraguay. However, Petitioner's sentence subjected her to a three-year post-release supervision period which had not been completed prior to the filing of this motion. Therefore, the Court finds that Petitioner is still "in custody," within the meaning of section 2255.

**2. Case or Controversy Requirement**

The government claims that Petitioner's claim does not meet Article III's case or controversy requirement. "In order to satisfy the case-or-controversy requirement, petitioner 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" Swaby v. Ashcroft, 357 F.3d 156, 159-60 (2d Cir. 2004) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). "Where a defendant has been convicted of a crime, but is no longer incarcerated, the defendant must show some "collateral consequence" of the conviction." Swaby, 357 F.3d at 160. Here, the collateral consequence is clear: due to her conviction, Petitioner has been deported and is barred from re-entering the United States. See id. ("Petitioner asserts an actual injury--a bar to reentering the United States-- that has a sufficient likelihood of being redressed by the relief petitioner seeks from this Court. His appeal is therefore not moot."). Therefore, a case or controversy exists in this case.

The government relies on Perez v. Greiner, 296 F.3d 123 (2d Cir. 2002), for the proposition that, because Petitioner is not permanently, but instead temporarily, barred from entering the United States, she is not suffering any collateral consequences from her conviction. However, the government's reading of Perez is misguided. Perez found no collateral consequences where the conviction Perez was challenging would not affect his deportation status because his deportation rested on a "wholly separate ground." Id. at 126 ("because Perez is permanently inadmissible to this country due to this prior drug conviction, collateral consequences cannot arise from the challenged robbery conviction."). The instant case is distinguishable from Perez in that the sentence and conviction challenged in this habeas petition was the sole basis of Petitioner's deportation.

The Court finds that the 10 year ban on admission to the United States is a collateral

consequence of her conviction which meets the case and controversy requirement of Article III.  See Chong v. District Director, INS, 264 F.3d 378, 385 (3rd Cir. 2001) ("the Board's order of removal creates sufficient collateral consequences to render Chong's petition a live case or controversy by preventing her from entering the United States for ten years.").

**B. Ineffective Assistance of Counsel**

Petitioner contends that her counsel was ineffective so as to impair her rights under the Sixth Amendment.  To succeed on a claim of ineffective assistance of counsel, Petitioner must show that: 1) counsel's representation fell below an objective standard of reasonableness; and 2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have differed. See generally Washington v. Strickland, 466 U.S. 668 (1984).  The Strickland Court mandated that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.  Although this claim was not raised on direct appeal, it may be heard on collateral review.  Massaro v. United States, 538 U.S. 500, 504 (2003).

Petitioner claims that her counsel erred in failing to challenge the jury instruction regarding "conscious avoidance."  In support of this allegation, Petitioner relies on the Second Circuit's opinion concerning her direct appeal.[3]  The Second Circuit stated that the

> instructions lowered the threshold for what the government needed to show.  Under them, the existence of a belief that there was *no criminality of any kind* was needed to obviate conviction based on conscious avoidance.  Instead, under our cases, a belief on Defendant's part that, though criminality was involved, the criminality did

---

[3] Although the Second Circuit noted that prior decisions have been vacated for this error, the court could not do so in this case because Petitioner's trial counsel failed to object to the instruction at trial.  Order at 7; see also United States v. Sicignano, 78 F.3d 69 (2d Cir. 1996); see also United States v. Bright, 517 F.2d 584 (2d Cir. 1975).

5

>not include bribery of a public official, would suffice to require an acquittal on the counts charged.

Order at 6-7 (emphasis in original). Taking into consideration the closeness of the evidence, the court stated that this error was not harmless. Id. at 7. The court also noted that Petitioner's trial counsel not only did not object to the instructions, but also may have contributed to the problematic language. Id.

Failure to object to an erroneous jury instruction may constitute ineffective assistance of counsel. Cox v. Donnelly, 387 F.3d 193, 199 (2d Cir. 2004). Here, counsel's failure to object to the instruction significantly lowered the government's burden in this case. The Court finds that counsel's conduct in failing to object to the Court's instructions and contributing to the problematic language fell below the objective standard of reasonableness thereby satisfying the first prong of the Strickland test.

"The level of prejudice [Petitioner] need demonstrate lies between prejudice that had some conceivable effect and prejudice that more likely than not altered the outcome in the case." Id. (internal quotation marks and citations omitted). Given the Second Circuit's opinion that the evidence was close and that the jury instruction error was, therefore, not harmless, there is a reasonable probability that, but for counsel's failure to object to the erroneous instruction, that the result would have differed.

The government's argument regarding an interchange between knowledge and intent is without merit. The Second Circuit did not base its finding that the instructions were problematic on that notion. In fact, the Circuit found that error was likely harmless. Order at 6 ("And while the second rendition of the conscious avoidance instruction seems to interchange knowledge and intent,

6

the instruction is not technically incorrect as stated, and any confusion would have been cleared up by the other renditions of the instruction."). Instead, the Circuit based its finding on the fact that "the existence of a belief that there was *no criminality of any kind* was needed to obviate conviction based on conscious avoidance." Order at 6-7. Therefore, counsel could have, and should have, challenged this instruction. Accordingly, this was not merely a strategic decision, but instead was constitutionally inadequate representation that prejudiced Petitioner.

**IV. Conclusion**

For the foregoing reasons, it is ordered that Petitioner's motion is **GRANTED** and her conviction and sentence is hereby **VACATED.**

**IT IS SO ORDERED.**

DATED:  December 28, 2005

_____
Thomas J. McAvoy
Senior, U.S. District Judge